UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04CR232 ERW |
| | ) |
| JAMES SANDERS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing on pretrial motions was held on June 3, 2005.

**#16 Motion of Defendant to Suppress Evidence and Statements**

**Findings of Fact**

Kyle Brewer is a police officer with the Metropolitan St. Louis Police Department. On March 4, 2004, he and other officers went to 3231 Michigan Avenue in the City of St. Louis to execute a search warrant they had obtained for that residence. One of the subjects named in the search warrant was the Defendant James Sanders who Brewer could evidently identify on sight. Brewer and other officers were dressed in full uniform and in a patrol car. When Brewer and his partner arrived at 3231 Michigan, they observed the Defendant standing in the middle of the street in the area of the residence. They parked their police car, and noticed that when the Defendant saw the officers, he started to walk away from them. Brewer then got out of his police car and called out to the Defendant. The Defendant continued to walk away from Brewer and his partner, and as he did so, Brewer saw the Defendant take two plastic baggies from his pocket, and discard

them onto the street. Based on Brewer's observation of the two baggies, he believed that the baggies contained crack cocaine. Brewer and his partner immediately approached the Defendant, and as Brewer's partner, Officer Walls, seized the two baggies which appeared to contain crack cocaine, Brewer placed the Defendant under arrest. After placing the Defendant under arrest for possession of the narcotics, Brewer conducted a pat down search of the Defendant. During the pat down search, Brewer discovered on the Defendant's person a scale, keys, and cash money. He seized these items pursuant to the arrest of the Defendant as possible evidence in the case.

At the end of the hearing, both the Assistant United States Attorney and Defendant's attorney stated that the prosecutor would use no evidence from the search of the home, and that the only statements made by anyone to the police were made by another person at the scene. Therefore, in this memorandum, the undersigned will consider only the evidence seized from the street and from the Defendant's person pursuant to his arrest.

**Conclusions of Law**

A. Seizure of the Cocaine and Arrest of the Defendant

Based on the above facts, the undersigned concludes that the seizure of the apparent crack cocaine and the arrest of the Defendant were lawful. Initially, the undersigned notes that warrantless searches and seizures of abandoned property do not violate the Fourth Amendment. See Abel v. United States, 362 U.S. 217, 241 (1960). By voluntarily abandoning property, an individual forfeits any reasonable expectation of privacy in that property even if he or she retains an ownership interest in it. See United States v. Thornberg, 136 F.3d 1070, 1075 (6th Cir. 1998); United States v. Liu, 180 F.3d 957, 960 (8th Cir. 1999); Katz v. United States, 389 U.S. 347, 361 (1967). Therefore, the undersigned concludes that the material in the two plastic baggies which

2

was thrown away by the Defendant into the street when he was walking away from the officers could be seized by the officers because the Defendant abandoned the property and relinquished any expectation of privacy in the crack cocaine.

In addition, in California v. Hodari D, 499 U.S. 621 (1991), a case similar to the one now at bar, police officers were on patrol in a high crime neighborhood of Oakland, California, when they observed several "youths" huddled around a small red car parked at the curb. 499 U.S. at 622. When the individuals looked up and saw police, they started to run away from the police. One of the officers got out of the police car and started chasing the Defendant Hodari D. As the officer almost caught up to the Defendant, but just before he was apprehended, Hodari D saw the officer and tossed away what appeared to be a small rock of crack cocaine. A moment later, the officer tackled Hodari D, handcuffed him, and arrested him for possession of crack cocaine. In holding that the seizure of the cocaine was lawful and gave the officer probable cause to arrest the Defendant, the court held that the Defendant was not in custody when he was tackled, and thus, the seizure of the cocaine was lawful pursuant to the Defendant's abandonment in plain view of the police officer prior to his arrest. In so holding, the court stated as follows:

> The present case...does not involve the application of any physical force; Hodari was untouched by Officer Pertoso at the time he discarded the cocaine. His defense relies instead upon the proposition that a seizure occurs 'when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen...' Hodari contends (and we accept as true for the purposes of this decision) that Pertoso's pursuit qualified as a 'show of authority' calling upon Hodari to halt. The narrow question before us is whether, with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield. We hold that it does not...
>
> In sum, assuming that Pertoso's pursuit in the present case constituted a 'show of authority' enjoining Hodari to halt, since Hodari did not comply with that

> injunction he was not seized until he was tackled. The cocaine abandoned while he was running was in this case not the fruit of a seizure, and his motion to exclude evidence of it was properly denied.

499 U.S. 621, 625, 626, 629.

Given the above, the undersigned concludes that the viewing of the crack cocaine in plain view after the Defendant dropped it was lawful, and therefore, the arrest of the Defendant for possession of cocaine was based on probable cause and is also lawful. In the case now at bar, the Defendant had not been restrained or yielded to any show of authority. The evidence shows that the Defendant started to walk away from the officers as soon as he saw them, and continued to walk away from them as they called out to him. The evidence shows that the Defendant abandoned the property almost immediately, and that the officers made no attempt to restrain or chase the Defendant prior to his abandoning of the cocaine. Thus, the undersigned concludes that the Defendant did not yield to a show of authority (if any occurred) prior to the abandonment of the property.

Further, the undersigned concludes that based on the viewing of the cocaine by the officers, there was probable cause to arrest the Defendant. Police officers may arrest a person without a warrant if they have probable cause to believe that the person has committed a crime. Gerstein v. Pugh, 420 U.S. 103 (1975); Beck v. Ohio, 379 U.S. 89 (1964). Probable cause is a "fluid concept turning on the assessment of probabilities in a particular factual context–not readily or even usefully reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). In the context of a warrantless arrest, all that need be shown is a "fair probability" that a crime has been committed and that the Defendant committed it. See Illinois v. Gates, supra. Given the above, the undersigned concludes that in the case now at bar, there is ample probable cause to

arrest the Defendant. As stated above, the officers legally observed what they believed to be crack cocaine in the possession of the Defendant and then discarded by the Defendant. Thus, the officers observed the Defendant commit a felony offense in their presence and had probable cause to arrest the Defendant.

After making a valid arrest, officers may conduct a warrantless search of the suspect and the area within his immediate control without any further probable cause. The validity of the search is bound only by the validity of the arrest. New York v. Belton, 453 U.S. 454 (1981). Therefore, the seizure of the keys, the scale, and the cash from the Defendant's person was a valid search incident to a lawful arrest. Therefore, the evidence in this case should not be suppressed.

## Conclusion

Therefore, the motion of the defendant to suppress evidence and statements should be denied.

\* \* \*

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that (Doc. #16) Motion of Defendant to Suppress Evidence and Statements be **denied**.

Further, as to the motion to suppress, the parties are advised that they have eleven (11) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman
                                    UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of June, 2005.