**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CR00232 ERW |
| | ) (TIA) |
| JAMES SANDERS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Terry I. Adelman [doc. # 19] pursuant to 28 U.S.C. § 636(b). On July 11, 2005, Defendant filed an Objection to the Report and Recommendation [doc. #22]. The Report and Recommendation recommends that Defendant Sanders's Motion to Suppress Evidence and Statements [doc. #16] be denied.

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Defendant Sanders's Objection consists of four numbered paragraphs in which he explains that he filed a motion to suppress evidence and statements, that the magistrate judge held a hearing concerning his motion, and that the magistrate judge recommended that the motion be denied. Defendant Sanders then states that "[t]he magistrate judge's decision denying the motions is contrary to the law and against the weight of the evidence and testimony." Def.'s Obj. at 1. Thus,

it appears to the Court that Defendant Sanders believes that the Report and Recommendation contains an incorrect statement of law, an incorrect analysis of a legal issue, or both. Defendant Sanders has made no objection to the magistrate judge's proposed findings of fact. Therefore, the Court will review de novo only the magistrate judge's proposed conclusions of law. *See* 28 U.S.C. § 636(b)(1) (court must review de novo those portions of the report or specified proposed findings to which objection is made).

The magistrate judge concluded that Defendant's arrest, the seizure of the crack cocaine, and the seizure of the cash, scale, and keys were lawful. Like the magistrate judge, this Court finds that the arrest and the seizure of the property were lawful. First, there was probable cause to arrest Defendant Sanders. A police officer may lawfully arrest a person without a warrant if the officer has probable cause to believe the person has committed a crime. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). In determining whether probable cause existed, "the court looks to the totality of the circumstances to see whether a prudent person would believe the individual had committed or was committing a crime." *United States v. Cornelius*, 391 F.3d 965, 968 (8th Cir. 2004). Here, the officers saw Defendant Sanders take two plastic baggies from his pocket and discard them onto the street. Officer Brewer believed that the baggies contained crack cocaine. Under these circumstances, a prudent person would believe Defendant Sanders was in possession of an illegal substance. As the magistrate judge properly found, there was probable cause to arrest Defendant Sanders.

Second, the crack cocaine was lawfully seized. Warrantless searches and seizures of abandoned property do not violate the Fourth Amendment. *Abel v. United States*, 362 U.S. 217, 241 (1960). Defendant Sanders abandoned the baggies of crack cocaine when he threw them on the ground. He had no reasonable expectation of privacy in baggies thrown onto a public street. *See,*

*e.g.*, *California v. Greenwood*, 486 U.S. 35, 40-41 (1988) (no reasonable expectation of privacy in garbage bags left in area accessible to public); *Vincent v. United States*, 361 F.2d 474, 476 (8th Cir. 1966) (no improper search and seizure where petitioner was seen to have abandoned narcotics in trash receptacle where they were immediately retrieved by police). When Defendant Sanders saw the police, he began to walk away from them. Officer Brewer got out of his car and called out to Defendant Sanders. Defendant Sanders continued to walk away and, as he did so, he threw the baggies onto the ground. At the time he abandoned the baggies, Defendant Sanders was not being restrained by the police and had not otherwise yielded to a show of authority, if any, by the police. As the magistrate judge properly concluded, the seizure of the crack cocaine was lawful.

Finally, the seizure of the cash, scale, and keys was lawful. After making a valid arrest, the police may conduct a warrantless search of the suspect. *New York v. Belton*, 453 U.S. 454, 462-63 (1981). The cash, scale, and keys were seized from Defendant Sanders's person after he was lawfully arrested. As the magistrate judge properly found, this evidence should not be excluded. Accordingly, a de novo review of the magistrate judge's conclusions of law reveals that there is no basis upon which to suppress the evidence in this case because the evidence was lawfully obtained. After review of the record and consideration of the issues, the Court hereby sustains, adopts and incorporates herein the magistrate's Report and Recommendation, as supplemented by the above analysis and with the following modifications:

1. On page 2, line 20, the citation to *United States v. Thornberg*, 136 F.3d 1070, 1075 (6th Cir. 1998) shall be deleted.
2. Page 3, line 10, shall read: . . . officer and tossed away what appeared to be a small rock; the rock was found to be crack cocaine. A moment later, the . . .
3. Page 3, lines 12-13, shall read: . . . holding that the seizure of the cocaine was lawful, the court found that the defendant was not seized until he was tackled, and thus . . .
4. Page 4, lines 21-22, shall read: . . . In the context of a warrantless arrest, "the court

looks to the totality of the circumstances to see whether a prudent person would believe the individual had committed or was committing a crime." *United States v. Cornelius*, 391 F.3d 965, 968 (8th Cir. 2004). Given the . . .

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence and Statements [doc. #16] is **DENIED**.

Dated this 13th day of July, 2005.

_E. Richard Webber_

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE